UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


JESUS L. VAZQUEZ,

                    Petitioner,

vs.                                    Case No.  2:09-cv-673-FtM-29SPC
                                       Case No.  2:08-cr-34-FTM-29SPC

UNITED STATES OF AMERICA,

                    Respondent.

_____


## OPINION AND ORDER

This matter comes before the Court on petitioner Jesus L. Vazquez's[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #51)[2] and supporting Affidavit (Cv. Doc. #2; Cr. Doc. #52) and Memorandum of Law (Cv. Doc. #4; Cr. Doc. #54). Petitioner also filed a Motion for Evidentiary Hearing on Petitioner's Habeas Corpus Motion (Cv. Doc. #3; Cr. Doc. #53). The United States filed a Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255. (Cv. Doc.

---

[1] Throughout the record before the Court, petitioner has been referred to as both "Vazquez" and "Vasquez." The Court will refer to petitioner as "Vazquez", the spelling on the Indictment (Cr. Doc. #18).

[2] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

#7.)  Petitioner subsequently filed a Reply Motion. (Cv. Doc. #13.) All of the claims relate to assertions of ineffective assistance of counsel.

While this § 2255 Motion was pending, petitioner filed a second § 2255 motion, which was assigned Case Number 2:12-cv-309-FTM-29SPC, along with a Motion Relating Back Amendment to § 2255 Motion.  In this motion, petitioner alleged that the government violated his constitutional rights by placing a global positioning satellite (GPS) device on his vehicle without a search warrant. Petitioner relied upon United States v. Jones, 132 S. Ct. 945 (2012).  The Court entered an Order terminating the motions as a second, separate habeas petition, directed that the motion be filed in the first case (Cv. Doc. #16), and took under advisement whether to consider the new issues on the merits as an amendment to the original petition or dismiss them for the reasons argued by the government.  (Cr. Doc. #63.)  The government filed a Response in Opposition to Petitioner's Motion Relating Back Amendment to §2255 Motion (Cv. Doc. #17).

**I.**

On March 18, 2008, a federal grand jury sitting in the Middle District of Florida returned a two-count Indictment (Cr. Doc. #18) against Jesus L. Vazquez ("petitioner" or Vazquez).  In Count One, petitioner was charged with conspiracy to possess with intent to distribute (5) kilograms or more of cocaine, in violation of Title

21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii)(II), and 846. In Count Two, petitioner was charged with possession with intent to distribute of five (5) or more kilograms of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II). On September 25, 2008, the government filed a Notice of Intention to Use Prior Convictions to Enhance the Penalty as to Counts One and Two of the Indictment (Cr. Doc. #32). This notice advised that the maximum statutory penalty would be increased to a mandatory minimum twenty years to life imprisonment because defendant had previously been convicted of conspiracy to possess with intent to distribute cocaine in the Middle District of Florida. On October 8, 2008, petitioner pled guilty to both counts pursuant to a written Plea Agreement. (Cr. Docs. ## 35, 37, 39.) On April 24, 2009, petitioner was sentenced as a career offender to 240 months imprisonment, followed by ten years of supervised release. (Cr. Doc. #50.) No direct appeal was filed.

The matter is now before the Court on petitioner's timely § 2255 motion, filed on October 9, 2009. Because petitioner is proceeding *pro se*, his pleadings will be liberally construed by the Court. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

## II.

Petitioner claims his attorney provided ineffective assistance at sentencing, largely relating to the career offender enhancement. For the reasons set forth below, the Court finds that petitioner

3

was not denied his constitutional right to effective assistance of counsel.

## A. Evidentiary Hearing

Petitioner filed a Motion for Evidentiary Hearing on Petitioner's Habeas Corpus Motion (Cv. #3) asserting an entitlement to an evidentiary hearing. (Cv. Doc. #1, p. 9.)  A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . . " 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted).  However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008).  Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that petitioner was not given ineffective assistance of counsel in this case.  Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

### B. Ineffective Assistance of Counsel Principles

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Generally, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010). A court need not address both prongs of the Strickland test, however, if a petitioner makes an insufficient showing as to either prong. Dingle v. Sec'y for the Dep't of Corr., 480 F.3d 1092, 1100 (11th Cir. 2007); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

"As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)), cert. denied, 131 S. Ct. 177 (2010). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466

U.S. at 690).  This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.  To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action.  Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue.  Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding."  Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks and citation omitted). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation marks and citation omitted).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

**C. Application of Legal Principles to Claims Raised**

All of the claims in petitioner's § 2255 motion (Cv. Doc. #1) and in his supporting Memorandum of Law (Cv. Doc. #4) relate to

petitioner's sentencing as a career offender, and none are meritorious.

**(1)  Sentencing Hearing:**

As noted earlier, the Indictment (Cr. Doc. #18) charged petitioner with (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, and (2) possession with intent to distribute five kilograms or more of cocaine.  The statutory maximum sentence for each of these offenses was a mandatory minimum of ten years to life imprisonment.   21 U.S.C. § 841(b)(1)(A)(ii)(II).   The government then filed a Notice of Government's Intention to Use Prior Convictions to Enhance the Penalty As to Counts One and Two of the Indictment (Cr. Doc. #32) pursuant to 21 U.S.C. § 851.  This Notice advised petitioner that the government would seek the enhanced penalties provided by 21 U.S.C. § 841(b)(1)(A)(ii)(II) based upon his prior federal conviction for conspiracy to possess with intent to distribute cocaine.  The enhanced statutory sentence was a mandatory minimum sentence of twenty years imprisonment to life imprisonment.

Petitioner thereafter signed and filed a written Plea Agreement (Cr. Doc. #35).   The Plea Agreement provided that pursuant to the § 851 enhancement the penalty for each offense was a mandatory minimum term of imprisonment of twenty years to life. As part of the Plea Agreement, the government agreed to forego seeking the additional enhanced penalty of mandatory life

imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Because petitioner had been convicted of two prior felony drug convictions, not just one, the mandatory life sentence would apply if sought by the government. (Cr. Doc. #35, p. 2, n.1.) Petitioner entered his guilty pleas pursuant to the Plea Agreement, which were accepted by the Court (Cr. Docs. ## 37, 38, 39.)

A Pre-Sentence Investigation Report (hereinafter "PSR") and amended addendum were prepared. The PSR reflected that a twenty year statutory mandatory minimum sentence applied based upon the government's filing of the Notice of Intention to Use (PSR, p. 1, ¶ 2.) Petitioner was held accountable for at least fifty kilograms of cocaine but less than 150 kilograms of cocaine, resulting in a Base Offense Level of 36. (PSR, ¶ 29.) After a three level reduction for acceptance of responsibility, petitioner's Total Offense Level was 33. The PSR then found petitioner to be a career offender based upon two prior felony controlled substance offenses (PSR, ¶ 38). As a result, petitioner's Total Offense Level became 37, and after the three level reduction for acceptance of responsibility, petitioner's Enhanced Offense Level became 34. The PSR reflected that petitioner's criminal history consisted of two prior felony convictions for controlled substance offenses: (1) On October 2, 1995, petitioner pled guilty to conspiracy to possess with the intent to distribute cocaine in federal court, and received 48 months of imprisonment followed by three years of

supervised release; and (2) on May 3, 2004, petitioner pled guilty

to conspiracy to traffic in PCP in state court, and was placed on

probation for five years.    (PSR, ¶¶ 43, 44.)    The resulting

criminal history points established a criminal history category of

III, but Category VI was applicable because of petitioner's career

offender status (Id., ¶¶ 47, 48).    The   resulting range of

imprisonment  as  a  career  offender  was  262  to  327  months

imprisonment.  (Id., ¶ 73.)

     At sentencing, petitioner and his counsel both stated they had

read the PSR and the amended addendum and discussed the contents

with each other.    (Cr. Doc. #55, p. 3.)    Petitioner and the

government agreed to various changes in the PSR.  (Id. at pp. 3-6.)

The Court then advised petitioner of the § 851 information filed by

the government and the prior conviction for conspiracy to possess

with intent to distribute cocaine alleged in the information:

> THE COURT:. . .Mr. Rosenthal, before I proceed with
> calling upon you, I do need to advise your client, with
> regard to the Section 851 information, the government did
> file an information pursuant to Section 851 against the
> defendant.   The purpose of that was to increase the
> maximum penalty provided.
>
> The information specifically indicated that the
> defendant had been convicted of the following prior drug
> offense: That is, conspiracy to possess, with intent to
> distribute, cocaine, in a federal case.   That was case
> Number 2:95 Criminal 30.   The conviction was on or about
> November the 14th, 1997.
>
> Mr. Vazquez, the Court is obligated to inquire of
> you as to whether you admit or deny that you had
> previously been convicted of that offense, and to inform
> you that any challenge to that prior conviction which is

not made before sentence is imposed may not thereafter be raised to attack the sentence.

　　　With that information, I would ask whether you admit or deny that you were previously convicted of the conspiracy to possess, with intent to distribute, cocaine, in the case as set forth in the information.

THE DEFENDANT: What Year?

THE COURT: The conviction was on or about November the 14th, 1997.

THE DEFENDANT: No.  I was in Prison in 1997.

THE COURT: All right.  Mr. Rosenthal?

MR. ROSENTHAL: One moment, Your Honor?

THE COURT: I think he's right, The pre-sentence report indicates the date of the conviction actually was October the 2nd, 1995, and so, presumably, he was in prison, since he received a sentence of 48 months.

MR. ROSENTHAL: Based upon that, Your Honor, we obviously move to strike the 851 notice.

(Id., pp. 7-8.)  After argument from counsel, the Court denied the motion, finding the incorrect date to be merely a clerical error which resulted in no prejudice to petitioner. (Id., pp. 8-13.)  The Court then returned to its question to petitioner with regard to whether he admitted the prior conviction for § 851 purposes:

THE COURT:. . .With regard to a conspiracy to posses, with intent to distribute, cocaine, in a federal case filed in the Middle District of Florida, Case Number 2:95 Criminal 30, do you admit or deny that you were convicted of that offense?

THE DEFENDANT: Yes. Yes.

THE COURT: Is that admitting?

THE DEFENDANT: Admitting, yeah.

10

(Cr. Doc. #55, p. 13.)

Petitioner's counsel stated that there were no objections to the application of the Sentencing Guidelines.  (Id., p. 17.)  The Court found that petitioner's Total Offense Level was 34, his criminal history was a Category VI, and the resulting range of imprisonment was 262 to 327 months.  (Id., p. 18.)  Defense counsel then moved for a downward departure based upon an overrepresentation of petitioner's criminal history.

> MR. ROSENTHAL: Judge, with respect to overrepresentation argument, our position is that Mr. Vazquez's criminal history is overrepresented in Category VI.  We would note that, were it not for the application of the career offender provisions, he would only be in a Category III. Even if the Court could do that, we would acknowledge that placing him in a Category III would be inappropriate because it would not recognize the severity of the two prior offenses.  However, we would simply -- we would argue, similarly, that it is overrepresented in Category VI.
>
> We have an individual who has the bare number -- bare minimum number of convictions that are necessary to place him in the career offender category, that they are two - - the charges, themselves, in both cases, were serious, although I would note that, with respect to the state case of 2002, the Court simply imposed a probationary sentence that Mr. Vazquez successfully completed.
>
> Usually when we have somebody that is in Category VI, this is somebody with a long string of arrests.  We generally see some violence in there at some point. Here, we see exactly two offenses, one of which occurred when he was 20 years old.  He's now 34.  That occurred about 12 -- 12 years ago -- or, I'm sorry, almost 14 years ago now.  And the second of which occurred seven years ago.  So we would suggest that it would be more appropriate to score Mr. Vazquez in criminal history Category V.

(Id., pp. 18-19.)   Over the government's objection, the Court granted the motion and reduced petitioner's criminal history to Category V.  (Id., pp. 19-24.)   This reduced the Sentencing Guidelines range of imprisonment to 235 months to 293 months, and because the statutory mandatory minimum sentence was 20 years, see 21 U.S.C. § 841(b)(1)(A), a Sentencing Guidelines range of 240 to 293 months.   (Id., p. 24.)   See also U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5G1.1(b)(2008); United States v. Noriega, 676 F.3d 1252, 1258 (11th Cir. 2012)(statutory mandatory minimum becomes Sentencing Guidelines range).   The undersigned sentenced petitioner to 240 months imprisonment as to each count, to be served concurrently, and 10 years supervised release.   (Cr. Doc. #50.)

**(2) Claims of Ineffective Assistance of Counsel:**

Petitioner asserts that his attorney provided ineffective assistance of counsel by failing to request an evidentiary hearing and demand an adequate factual basis to determine the applicability of the career offender enhancement, and by failing to object to the government's inadequate form of proof for the career offender enhancement.   (Cv. Doc. #1, p. 4; Cv. Doc. #4, pp. 4-5, 8-11.)[3] Petitioner also asserts that his counsel provided ineffective assistance of counsel because counsel wanted petitioner to plead

---

[3]The page references in the § 2255 motion refer to the numbers in the upper right hand corner of the page generated by CM/ECF, and not the page number at the bottom center of the page.

guilty to the government's inadequate form of proof of the career offender enhancement without live testimony, affidavits, or documentary evidence from witnesses supporting the government's position. (Cv. Doc. #4, p. 5.)  The record refutes these claims.

There was never any factual dispute as to whether petitioner was convicted of these two prior offenses.  Petitioner specifically admitted to the federal conviction (Cr. Doc. #55, p. 13), and there were no factual dispute as to the prior conviction in state court (id., pp. 13-14).   Petitioner had his attorney argue that petitioner only received probation for the state court conviction, unlike his more culpable co-defendant who was incarcerated.  (Id., pp. 21-22.)  Petitioner also relied upon the inaccuracy of the date of his federal conviction as the basis for a motion to strike the § 851 notice.  (Id., p. 10.)  Petitioner's Memorandum in this case admits that he was convicted of the two prior offenses used to apply the career offender enhancement, however, he now argues that only one was a qualifying offense.  (Cv. Doc. #4, pp. 6-7.)  Thus, there was an adequate factual basis, no evidentiary hearing was required, and no additional objection was appropriate.  Because an attorney is not required to raise meritless issues, Winfield, 960 F.2d at 974, petitioner's counsel did not provide ineffective assistance.

Petitioner argues that his counsel provided ineffective assistance by failing to investigate the petitioner's criminal

record and proceeding on the wrongful presumption that petitioner had two felony convictions that satisfied U.S. Sentencing Guidelines Manual Section 4B1.1.  Petitioner argues that career offender status requires that he have been imprisoned for the two qualifying offenses, but that he was only imprisoned for one such offense.

To be sentenced as a career offender, the district court must find by a preponderance of the evidence that:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2008); United States v. Young, 527 F.3d 1274, 1277 (11th Cir. 2008).  The first two requirements have never been contested in this case, and the record clearly establishes that they have been satisfied.

The final requirement is that petitioner have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). "Prior felony convictions under section 4B1.1 are counted using the definitions and instructions for computing criminal history in section 4A1.2. U.S.S.G. § 4B1.2 cmt. n.3." United States v. Shannon, 449 F.3d 1146, 1148 (11th Cir. 2006).  A "controlled substance offense" is defined, in pertinent part, as "an offense under federal or state

14

law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution or the possession of a controlled substance with intent to . . . distribute or dispense." U.S.S.G. § 4B1.2 (2008).

Petitioner concedes in his Memorandum of Law in Support of his § 2255 motion that he was convicted of a conspiracy to possess with the intent to distribute cocaine which resulted in a prison sentence of 48 months. (Cv. Doc. #4.)  The PSR establishes that petitioner was arrested on June 6, 2005, he was sentenced on February 26, 1996 to 48 months imprisonment, and that he was released from prison to commence supervised release on May 1, 1999. (PSR, ¶ 43.)  The Indictment alleges that the Count One conspiracy began at least in or about January 2006, and the possession with intent to distribute cocaine in Count Two was alleged to have occurred on or about March 3, 2008.  (Cr. Doc. #18.)  Because this prior offense resulted in a sentence of over a year and a day, and the term of imprisonment ended within fifteen years of the instant offense, this conviction is counted as a qualifying conviction under U.S.S.G. § 4A1.2(e)(1).

Petitioner alleges that the second underlying offense, conspiracy to traffic in PCP, does not qualify because he received only probation, not a period of imprisonment.  This conviction was for a felony offense, Fla. Stat. § 893.135(5), and the PSR establishes that petitioner was placed on  probation on May 3, 2004

(PSR, ¶ 44).  Because that sentence was imposed within ten years of the commencement of the offenses in the Indictment, this conviction is a qualifying conviction for career criminal purposes under U.S.S.G. § 4A1.2(e)(2).  No term of imprisonment is required under U.S.S.G. § 4A1.2(e)(2), which only requires that the prior sentence have been "imposed" within ten years of the commencement of the instant offense.  Therefore, petitioner's counsel did not provide ineffective assistance of counsel.

D.  **Issues Raised in Motion to Amend**

Petitioner was sentenced on April 24, 2009, and did not file a direct appeal.  Petitioner filed his original § 2255 motion in this case on October 9, 2009, well within the one year statute of limitations period of 28 U.S.C. § 2255(1).  The new issues based on United States v. Jones, 132 S. Ct. 945 (2012) were raised in a petition dated May 24, 2012, and filed on June 12, 2012.  The Court treated the petition as a motion to amend the original petition, and the government argues that the motion does not relate back to the original petition and is untimely.  Petitioner asserts that Jones created new rights which are retroactive to cases on collateral review, and that his motion was filed well within the one year time period of the date of the Jones decision.

An amended § 2255 motion filed after the expiration of the statute of limitations period may be considered if it relates back to the date of the original § 2255 motion.  An amended petition

16

"relates back" "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . ." <u>Mayle v. Felix</u>, 545 U.S. 644, 664 (2005).  An amended petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  <u>Id.</u> at 650.  Here, the grounds asserted in the motion to amend relate to defendant's Fourth Amendment rights, not to the Sixth Amendment issues raised in the original § 2255 motion.  Therefore, the motion does not relate back to the original petition and is not timely filed.

A § 2255 motion may be timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  The <u>Jones</u> decision did not recognize a new right, and <u>Jones</u> has not been made retroactively applicable to cases on collateral review.  Therefore, the amendment is not timely under § 2255(f)(3).

Finally, even if the additional claims are timely, they are alternatively without merit.  Defendant entered a knowing, freely made, and voluntary guilty plea to both counts pursuant to a Plea Agreement (Cr. Doc. #35).  Such a guilty plea waived petitioner's right to all non-jurisdictional challenges to his conviction.  <u>United States v. Saac</u>, 632 F.3d 1203, 1208 (11th Cir. 2011).  An

issue relating to the suppression of evidence is a non-jurisdictional issue which is waived by the guilty plea. United States v. White, 136 F. App'x 227, 228 (11th Cir. 2003); United States v. Wai-Keung, 115 F.3d 874, 877 (11th Cir. 1997); United States v. McCoy, 477 F.2d 550, 551 (5th Cir. 1973). Accordingly, petitioner may not challenge the evidence under Jones because he has waived any such suppression issues by his guilty plea.

Accordingly, it is now

**ORDERED**:

1.   Motion for Evidentiary Hearing on Petitioner's Habeas Corpus Motion (Cv. Doc. #3; Cr. Doc. #53) is **DENIED.**

2.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #51) is **DENIED** as to all claims for the reasons set forth above.

3.   Petitioner's Amended  Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #16) is **DISMISSED**, or in the alternative, is **DENIED** for the reasons set forth above.

4.   The Clerk of the Court shall enter judgement accordingly, terminate any pending motions, and close the civil file.  The Clerk is further directed to place a copy of the civil judgment in the criminal file.

**IT IS FURTHER ORDERED:**

18

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of October, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Petitioner