UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                           CASE NO: 2:08-cr-34-FtM-29SPC

JESUS L. VAZQUEZ

### **ORDER**

This matter comes before the Court on defendant's Motion for Compassionate Release (Doc. #75) filed on June 26, 2020. The government filed a Response in Opposition (Doc. #78) on July 7, 2020.

Defendant seeks a reduction in his sentence, stating that he has served over 65% of his sentence and his current release date is May 7, 2026. Defendant states that he submitted a request for compassionate release by handwritten form to the acting Warden, and received a denial response on June 8, 2020, indicating that he did not qualify for home confinement. Defendant states that the measures taken to defend against infection from COVID-19 at the facility are inadequate and social distancing is not being used. Defendant states that he is 45 years old and has a confirmed diagnosis of Leukopenia causing a low white blood cell count.

In the sentencing context, a district court has "no inherent authority" to modify an already imposed imprisonment sentence.

United States v. Diaz-Clark, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c).

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, **whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The government argues that defendant has appealed the denial by the Warden, and has not yet received a response. Therefore, the government argues that defendant has not exhausted. Administrative exhaustion is not the Court's to waive, and in this case the United States has not waived or forfeited the administrative exhaustion requirement. Since defendant has not

exhausted with the Bureau of Prisons, the Court cannot consider the motion for a reduction in sentence.

Additionally, the BOP has implemented extensive measures to combat the risks of contracting COVID-19, including screening of every newly admitted inmate, a minimum 14 day quarantine period, and stopping all social and legal visits as of March 13, 2020. Staff at the facility are also screened, and a temperature of 100.4 degrees or higher bars the staff member from the facility. (Doc. #78, pp. 5-6.) The government states that no cases of COVID19 are reported at defendant's facility. (Id., pp. 14-15.) Potential exposure to COVID-19 is not alone an extraordinary and compelling reason to grant a reduction in sentence.

Defendant attached his blood test results from October 2019, showing a low white blood cell count, and high red blood cells, but showing all other levels within the normal ranges and a low risk of diabetes. Defendant does not argue that his condition prevents him from being able to participate in daily living activities for his self-care. The Court finds that defendant has failed to demonstrate "extraordinary and compelling reasons" that warrant a reduction in sentence.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Compassionate Release (Doc. #75) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of July, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record